IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RILEY TURPIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:16cv480-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Before the court is Petitioner Riley Turpin's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in *United States v. Turpin*, No. 3:07-CR-65-WKW (M.D. Ala. Jul. 14, 2008). Doc. No. 3. This is Turpin's first § 2255 motion, and he brings a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). After originally opposing Turpin's § 2255 motion (*see* Doc. No. 8), the Government now concurs in the motion (*see* Doc. No. 26). Based upon careful consideration of the briefing and the governing law, the Magistrate Judge recommends that Turpin's § 2255 motion be granted, that his sentence be vacated, and that he be resentenced without application of the ACCA.

### Armed Career Criminal Act ("ACCA")

In February 2008, Turpin pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. §

924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for either violent felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)  is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first prong of this definition, § 924(e)(2)(B)(i), is known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id*.

## Turpin's Sentence as an Armed Career Criminal

Turpin's presentence investigation report ("PSR") indicated that Turpin had numerous prior convictions, several of which were for felonies. *See* Doc. No. 9-1 (PSR), at ¶¶ 32–58. Those felony convictions included two convictions for second-degree assault under Alabama law, one in June 1981 and one in November 1986; two November 1986 convictions for enticing a child for immoral purposes under Alabama law; and a June 1995 conviction for unlawful possession of cocaine under Alabama law. *See* PSR, at ¶¶ 35, 42, 43 & 47. The PSR stated that Turpin was an armed career criminal because he had the

requisite number of prior convictions for "felony crimes of violence."  *See* PSR, at ¶ 28. Based in part on a determination that Turpin was an armed career criminal, the PSR calculated a total offense level of 31 and a criminal history category of VI, yielding an advisory guideline range of 188 to 235 months.  *See* PSR, at ¶¶ 30 & 81.

After adopting the factual statements in the PSR and specifically finding that Turpin was an armed career criminal, the district court sentenced Turpin to 235 months in prison.[1] Doc. No. 9-2 at 5–7.  A fair reading of the record reflects that the district court sentenced Turpin under the ACCA based on his two prior Alabama convictions for second-degree assault and one of his prior Alabama convictions for enticing a child for immoral purposes.[2] Turpin did not appeal.

**Turpin's *Johnson* Claim Regarding His Prior Child-Enticement Conviction**

On June 26, 2015, in *Johnson v. United States*, 135 S. Ct. 255, 2563 (2015), the United States Supreme Court held that the ACCA's residual clause—i.e., the language covering offenses that "present[] a serious potential risk of physical injury to another"—is

---

[1] Prior to sentencing, the parties negotiated an oral plea agreement under which they agreed that, "[i]n exchange for a joint recommendation that the specific sentence of 235 months is the appropriate sentence in this case, Mr. Turpin will forego any further objections to the PSI as well as waive appeal and collateral attack except, of course, to ineffective assistance of counsel and prosecutorial misconduct."  *See* Doc. No. 9-2 at 3–4.

[2] The parties acknowledge that only one of Turpin's two child-enticement convictions could have been considered by the district court at sentencing, because the events underlying the two convictions were not temporally distinct.  *See* PSR, at ¶ 43; 18 U.S.C. §924(e)(1) (requiring ACCA predicate offenses to have been committed "on occasions different from one another").  For purposes of this Recommendation, Turpin's prior child-enticement convictions are referred to in the singular.
   The PSR did not identify Turpin's 1995 conviction for cocaine possession as a qualifying serious drug offense for purposes of the ACCA, *see* 18 U.S.C. § 924(e)(2)(A)(ii).  And the Government did not contend at sentencing, in its response to Turpin's § 2255 motion, or at any other time that the cocaine-possession conviction was a qualifying serious drug offense for purposes of the ACCA.

unconstitutionally vague.  The Court in *Johnson* reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law."  *Id*. at 2557.  After *Johnson,* only the ACCA's enumerated offense clause and elements clause remain intact.  In April 2016, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that the *Johnson* decision retroactively applies to cases on collateral review.  Thus, a § 2255 claim challenging a sentence under the residual clause is known as a "*Johnson* claim."

On June 22, 2016, less than a year after *Johnson* was decided, Turpin filed this § 2255 motion arguing that, following *Johnson*, his Alabama conviction for enticing a child for immoral purposes does not qualify as a "violent felony" for purposes of the ACCA.  Doc. No. 3.  Turpin contends that, in sentencing him as an armed career criminal, the district court counted his child-enticement conviction as a violent felony based on the ACCA's now-invalid residual clause.  He argues that if the child-enticement conviction is excluded from use under the ACCA, he has only two remaining prior qualifying convictions for purposes of the ACCA, i.e., his two convictions for second-degree assault.  Because at least three prior qualifying convictions are needed to trigger application of the ACCA, Turpin contends that his sentence as an armed career criminal is unlawful under *Johnson* and that he is entitled to be resentenced without application of the ACCA.

## II.  ANALYSIS

The Eleventh Circuit has held that to obtain relief based on *Johnson*, the post-conviction movant must prove that his ACCA sentence "enhancement was due to use of

4

the residual clause." *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017). "In other words, he must show that the clause actually adversely affected the sentence he received." *Id*. at 1221. The movant must prove that "(1) [] the sentencing court relied solely on the residual clause to qualify a prior conviction as a violent felony, as opposed to also or solely relying on either the enumerated offenses clause or elements clause, and (2) [] there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense." *Id*. If the record is unclear, and "it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id*. at 1222.

Turpin's PSR did not state how his child-enticement conviction qualified as a predicate violent felony for purposes of the ACCA. And, at sentencing, the district court did not explain why the child-enticement conviction qualified as a violent felony. Nevertheless, the undersigned finds that Turpin has shown that the sentencing court relied solely on the residual clause to qualify his child-enticement conviction as a violent felony for purposes of the ACCA. Turpin correctly notes that enticement of a child for immoral purposes is not one of the offenses listed in the ACCA's "enumerated offenses clause," 18 U.S.C. § 924(e)(2)(B)(ii). Further, the Alabama offense of enticement of a child for immoral purposes purposes does not satisfy the definition of a crime of violence under the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(i), because it does not have as an

5

element "the use, attempted use, or threatened use of physical force against the person of another."

The Alabama offense of child-enticement is defined at § 13A-6-69, Ala. Code 1975. That statute provides:

> (a) It shall be unlawful for any person with lascivious intent to entice, allure, persuade, or invite, or attempt to entice, allure, persuade, or invite, any child under 16 years of age to enter any vehicle, room, house, office, or other place for the purpose of proposing to such child the performance of an act of sexual intercourse or an act which constitutes the offense of sodomy or for the purpose of proposing the fondling or feeling of the sexual or genital parts of such child or the breast of such child, or for the purpose of committing an aggravated assault on such child, or for the purpose of proposing that such child fondle or feel the sexual or genital parts of such person.
>
> (b) A violation of this section is a Class C felony.

§ 13A-6-69, Ala. Code 1975. The Alabama Court of Criminal Appeals, in discussing a predecessor child-enticement statute to § 13A-6-69,[3] has recognized that "the gravamen of the crime [of enticing a child for immoral purposes] is not the commission of an act against sexual morality, but in succeeding in getting a child . . . to enter a vehicle, building, room, or secluded place by enticement or persuasion with intent to commit such a crime." *Donovan v. State*, 249 So. 2d 635, 636 (Ala. Crim. App. 1971), quoting *Huebner v. State*, 147 N.W.2d 646 (1967).

Although the PSR indicated that Turpin in fact "felt and fondled the genitalia of two female children ages five and nine for the purposes of sexual gratification," *see* PSR, at ¶ 43, the charges against him under § 13A-6-69, Ala. Code 1975, and his conviction under

---

[3] *See* Act. No. 387, Regular Session 1967, Title 14 § 326(3), Code of Alabama Recompiled

6

that statute, were not for the actual physical assaults of the two minors, but were instead for the enticement of the minors into a place for the purpose of committing sexual assaults upon them. That is so because the use, attempted use, or threatened use of physical force against the person of another is not an element of the offense of child-enticement under any clause or provision of § 13A-6-69, thereby placing the statute outside the scope of the ACCA's elements clause. Accordingly, Turpin is correct when arguing that the actual physical assaults against the minors, as described in the PSR, did not render his conviction under § 13A-6-69 a violent felony under the ACCA's elements clause. And, as Turpin also argues and the Government concedes, this is so whether or not the statute is considered divisible or indivisible and whether the categorical or modified categorical approach is used.[4]

Consequently, the ACCA's residual clause definition of a violent felony—an offense that "involves conduct that presents a serious potential risk of physical injury to

---

[4] The Supreme Court has recognized a narrow range of cases in which courts may use the "modified categorical approach" to determine if a prior conviction is a qualifying violent felony under the ACCA. *See Shepard v. United States*, 544 U.S. 13 (2005). The modified categorical approach allows courts to review a limited class of documents (such as charging papers and jury instructions) from the state proceedings (known as "*Shepard* documents") to find out if the state court convicted the defendant of an offense that qualifies as a violent felony under a clause of the ACCA. *Id.* In *Descamps v. United States*, 133 S.Ct. 2276 (2013), the Supreme Court held that it is appropriate to use the modified categorical approach *only* if the statute at issue is "divisible," or "comprises multiple, alternative versions of the crime." 133 S.Ct. at 2283–84; *accord Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). If the statute is divisible, *Shepard* documents will reveal which of these "several different crimes" a defendant was convicted of. *Descamps*, 133 S.Ct. at 2283; *see United States v. Lockett*, 810 F.3d 1262, 1266 (11th Cir. 2016). Here, it is unnecessary to conduct a divisibility analysis of the offense of child enticement set forth in § 13A-6-69, Ala. Code 1975, because the use, attempted use, or threatened use of physical force is not an element of the offense under any clause or provision of the statute (and because child enticement is clearly not an offense listed in the ACCA's enumerated offenses clause). Consequently, there is also no reason to resort to use of the modified categorical approach to determine if Turpin's child-enticement conviction qualifies as a violent felony under the ACCA. That being said, the court would note that § 13A-6-69 does not appear to be a divisible statute within the meaning of *Descamps*.

another," 18 U.S.C. § 924(e)(2)(B)(ii)—is the only basis on which the sentencing court could have found the Alabama offense of enticing a child for immoral purposes was a violent felony for purposes of the ACCA. However, reliance on the ACCA's residual clause to qualify Turpin's child-enticement conviction as a violent felony under the ACCA is unconstitutional under *Johnson*.

Excluding Turpin's child-enticement conviction from use under the ACCA, Turpin has only two remaining prior qualifying convictions for purposes of the ACCA—his two convictions for second-degree assault. Because Turpin does not have at least three prior qualifying predicate convictions under the ACCA, his sentence enhancement under the ACCA is illegal. Therefore, Turpin's § 2255 motion is due to be granted, his sentence is due to be vacated, and he should be resentenced without application of the ACCA.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2255 motion filed by Turpin (Doc. No. 3) be GRANTED.

2. Turpin's sentence be VACATED.

3. Turpin be RESENTENCED without application of the Armed Career Criminal Act.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before July 11, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  See *Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982).  See also *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of June, 2018.

    /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE