IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RILEY TURPIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NOS. 3:16-CV-480-WKW |
| | ) | 3:07-CR-065-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

Before the court is Petitioner Riley Turpin's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his 235-month sentence, which was imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *See United States v. Turpin*, No. 3:07-CR-065-WKW (M.D. Ala. July 1, 2008) (criminal judgment). Through counsel, Turpin filed this § 2255 motion — his first — challenging his designation as an armed career criminal under the ACCA based upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Turpin argues that, under the *Johnson* decision, in which the Court held that the residual clause of the "violent felony" definition in the ACCA is unconstitutional,

he no longer has three prior convictions that qualify as ACCA predicate offenses.[1] Turpin seeks resentencing without application of the ACCA.

On June 27, 2018, the Magistrate Judge filed a Recommendation to which no timely objections have been filed. (Doc. # 27.) Having conducted an independent review of the record and upon consideration of the Recommendation, the court concurs with the Magistrate Judge's Recommendation. Based on the *Johnson* decision, Petitioner no longer has three qualifying predicate offenses under the ACCA. Thus, Turpin's § 2255 motion is due to be granted, and he is entitled to resentencing.

Accordingly, it is ORDERED as follows:

(1)     Turpin's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence (Doc. # 1) is GRANTED.

(2)     The sentence, entered in *United States v. Turpin*, No. 3:07-CR-65-WKW (M.D. Ala. July 1, 2008), is VACATED.

(3)     A resentencing hearing in *United States v. Turpin*, No. 3:07-CR-65-WKW, is set on **August 29, 2018, at 2:00 p.m.**, in courtroom 2-B of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. Turpin shall remain in custody pending resentencing. The United States Marshal is DIRECTED to arrange

---

[1] *See also Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

for Turpin's appearance at this hearing, and the Clerk of the Court is DIRECTED to provide a court reporter.

(4)     Unless either party objects on or before **August 7, 2018**, the court will apply the November 1, 2016 version of the guidelines in calculating Turpin's new sentence.  This is the version of the guidelines that will be in effect on the date of Turpin's resentencing hearing.  *See United States v. Robinson*, No. 2:07cr312-WKW (M.D. Ala. Dec. 6, 2016) (Order ruling that, except in limited circumstances, on resentencing of a successful § 2255 *Johnson* movant, the court applies the edition of the Guidelines Manual in effect on the date the defendant is sentenced).

(5)     The deadlines in Federal Rule of Criminal Procedure 32 are modified to expedite the resentencing hearing.  The United States Probation Office shall prepare an addendum to the PSR, which includes information on Turpin's post-conviction conduct, and shall disclose the addendum to Turpin, his counsel, the Government, and the court on or before **August 21, 2018**.  Any objections to the PSR addendum shall be filed under seal no later than seven days after the addendum's disclosure.

(6)     The Clerk of the Court is DIRECTED to file this Memorandum Opinion and Order, along with the accompanying Final Judgment, in *United States v. Turpin*, 3:07-CR-065-WKW (M.D. Ala.).

(7)     The Clerk of the Court is DIRECTED to furnish copies of this Order to counsel, to the United States Probation Office, and to the United States Marshal.

An appropriate judgment will be entered.

 DONE this 31st day of July, 2018.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE